IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STEPHEN LAMBERT, et al., | ] |
| Plaintiffs, | ] |
| v. | ]   2:20-cv-00240-ACA |
| NATIONAL BROKERS OF AMERICA, INC., et al., | ] |
| Defendants. | ] |

# MEMORANDUM OPINION AND ORDER

Before the court is Plaintiffs Stephen and Cheryl Lambert's motion for default judgment against Defendant Adroit Health Group, LLC ("Adroit"). (Doc. 44). For the reasons explained below, the court **DENIES** the motion **WITHOUT PREJUDICE** to refiling at a later date.

## I.  BACKGROUND

A defaulting defendant "admits the plaintiff's well-pleaded allegations of fact" for purposes of liability. *Buchanan v. Bowman*, 820 F.2d 359, 361 (11th Cir. 1987) (quotation marks omitted)). Accordingly, for purposes of this motion for default judgment, the court takes as true the well-pleaded allegations of the Lamberts' amended complaint.

In 2018, the Lamberts were seeking medical insurance. (Doc. 7 at 4 ¶ 12). They worked with Defendant Albert Groff, an insurance brokerage agent who convinced them to cancel their existing coverage and acquire a policy from Defendant National Guardian Life Insurance Company ("National Guardian"), which Adroit administered. (*Id.* at 4–7 ¶¶ 15–33). After switching policies, Stephen Lambert was in an auto accident and incurred over $48,000 in medical bills. (*Id.* at 7 ¶¶ 32–35). Their insurance policy covered only a "tiny fraction" of those bills, and when the Lamberts investigated, they were informed that they did not have medical coverage. (*Id.* at 7–8 ¶¶ 36–42).

The Lamberts sued Mr. Groff, National Guardian, Adroit, and National Brokers of America, Inc. ("National Brokers").[1]  They assert against all defendants claims of fraud and negligent and wanton failure to obtain insurance. (Doc. 7 at 10–13). Only National Guardian has appeared and defended this lawsuit. (Doc. 14). Of the other three defendants, Mr. Groff has been served but has not yet appeared (*see* doc. 42); the court has entered an automatic stay, under 11 U.S.C. § 362(a), with respect to all proceedings against National Brokers (doc. 34); and the court has entered a default against Adroit (doc. 30). The Lamberts now seek a default judgment against Adroit.

---

[1] The Lamberts also sued USAA Casualty Insurance Company, but the court has dismissed USAA as a defendant. (Docs. 27, 28).

## II. DISCUSSION

Federal Rule of Civil Procedure 55 establishes a two-step procedure for obtaining a default judgment. First, when a defendant fails to plead or otherwise defend a lawsuit, the Clerk of Court must enter the party's default. Fed. R. Civ. P. 55(a). Second, if the defendant is not an infant or an incompetent person, the court may enter a default judgment against the defendant as long as the well-pleaded allegations in the complaint state a claim for relief. Fed. R. Civ. P. 55(b); *Nishimatsu Contr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[2]

Here, the Lamberts have obtained from the Clerk an entry of default against Adroit, so they have satisfied the first step of the procedure. But the court cannot grant the Lamberts' motion for a default judgment at this point, for two reasons. First, the court cannot enter a default judgment unless the well-pleaded allegations state a claim for relief against Adroit, *see Nishimatsu Contr. Co.*, 515 F.2d at 1206, and the Lamberts' motion for a default judgment does not set forth any argument explaining how the allegations made against Adroit would establish liability for any of the claims they assert against it. (*See* Doc. 44).

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

Second, where a case involves multiple defendants, a court should not enter judgment against a defaulting party who may be jointly liable until the court adjudicates the matter with respect to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872). If a plaintiff prevails against non-defaulting defendants, then she is entitled to judgment against all defendants, but if the non-defaulting defendants prevail, then generally the judgment accrues to the benefit of the defaulting defendant as well. *Id.* at 554 ("[I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.").

The prohibition against inconsistent judgments extends to situations beyond those involving joint liability. In *Gulf Coast Fans v. Midwest Electronics Importers, Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984), the Eleventh Circuit described as "sound policy" the rule that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against the default defendant if the other defendant prevails on the merits."

In this case, one defendant—National Guardian—has appeared and is defending the action. Another defendant—Mr. Groff—has been served but has not

4

appeared, nor have the Lamberts yet sought a default against him. And a third defendant—National Brokers—has obtained an automatic stay due to its filing for bankruptcy. If the court enters a default judgment against Adroit and the other defendants later prevail, the result will be inconsistent judgments. Entry of a default judgment against Adroit is therefore not appropriate at this stage of the proceedings. Accordingly, the court **DENIES** the Lamberts' motion for default judgment **WITHOUT PREJUDICE** to refiling at a later date.

   **DONE** and **ORDERED** this September 21, 2020.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE